IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED
4:19 pm, 7/16/12
Tim J. Ellis
Clerk of Court

| | |
|---|---|
| In re ) | |
| ) | |
| STEPHEN WRIGHT WALLACE, ) | Case No.  11-20013 |
| ) | Chapter 11 |
| Debtor. ) | |

## OPINION ON OBJECTION TO CLAIMS NOS. 9, 10, 11, 12, 13, 14, and 15 FILED BY STEPHEN RAIOLA

On June 27, 2012, the court held an evidentiary video conference on the Objection to Claims Nos. 9, 10, 11, 12, 13, 14, and 15 filed by Stephen Wallace ("Debtor") and the responses filed by Stephen Raiola ("Claimant"). The Debtor was represented by George Arnold. The Claimant represented himself. The court heard testimony and received evidence on each claim separately and at the conclusion of closing arguments, took the matter under advisement. The court having reviewed the record, testimony and evidence is prepared to rule.

This court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(B).[1] The matter was brought before the court pursuant to 11 U.S.C. § 1305 and Fed. R. Bankr. P. 3007.

The court notes that the descriptions of the original claims do not correspond to several of the amended claims. The court determined that it would use the Amended Claims' descriptions and amounts for identification.

---

[1] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

At the hearing, the court reserved rulings regarding the objections to the admissions of evidence. Listed below are the objections and the court's ruling:

1. Debtor entered a continuing objection to the court allowing the Claimant to present evidence and testimony on his behalf as Claimant had not provide an Exhibit or Witness List pursuant to the court's pre-trial order. *The court overrules the objection regarding allowing the Claimant to testify. Claimant's claims are the basis of this matter. The Debtor cannot be surprised by Claimant's testimony. As for the Claimant's exhibits, the court finds that it did not receive into evidence any exhibits offered by the Claimant, therefore, the matter is moot.*[2]

2. Debtor objected to the receipt into evidence of various affidavits submitted by the Claimant as the Debtor was not provided copies of the affidavits and was therefore, surprised by the contents. Additionally, the Debtor objected on the basis that the affidavits were hearsay. *The court sustains this objection.*

3. Claimant objected to the receipt of Debtor's Exhibits 1 and 2. *The court overrules the objection.*

4. Debtor objected to the admission of e-mails presented by the Claimant arguing that the e-mails: (1) are hearsay; (2) not identified on a proposed

---

[2] Emphasis added to designate the court's ruling on each objection.

Page 2

exhibit list; (3) not provided to the Debtor prior to the hearing pursuant to the court's order; and, (4) lack of foundation. *The court sustains the objection.*

5. Claimant objected to the receipt of Debtor's Exhibit 3, page 3 and 18. *The court overrules the objection as the documents of Exhibit 3 are the proofs of claim filed by the Claimant and the basis of this evidentiary hearing.*

**Facts/Discussion**

The Debtor and Claimant had a personal relationship that spanned a period of approximately ten years. During the relationship, the parties lived together in the Debtor's residences. At the end of the relationship, the Debtor had Claimant removed by the use of state court proceedings. The Debtor filed his Chapter 11 bankruptcy petition on January 10, 2011. The court entered its Order Confirming Amended Plan Dated October 17, 2011 on December 5, 2011. The court's review of the confirmed plan reflects that it provides for the payment to Class 6 - General Unsecured Claims at an estimated distribution percentage of thirteen percent (13%). The Claimant filed his claims on June 8, 2011 and subsequently amended those claims on April 16, 2012.

A properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim.[3] Such a claim is deemed allowed unless a party in interest objects.[4]

---

[3] Fed. R. Bankr. P. 3001(f).

[4] 11 U.S.C. § 502(a).

Page 3

The objecting party has the burden of going forwarded with evidence supporting the objection. Such evidence must be of a probative force equal to that of the allegations contained in the proof of claim. However, an objection raising only legal issues is sufficient. Once the objecting party has reached this threshold, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.[5] The validity of a creditor's claim is determined by state law. The bankruptcy court is required to determine validity or invalidity of the contract by looking to the state law where the court determined the contract was made and primarily payable.

Claimant alleges that the parties entered into an oral contract, as the basis for many of his claims. Whether an oral contract exists is a question of fact to be determined by the trier of fact.[6] Before a court may order a contract to be specifically performed, the contract terms must be so certain that the court can require the specific thing agreed upon to be done.[7] This rule applies to oral contracts.[8] "Where a[n] ....agreement is merely an agreement to agree in the future, the court is incapable of ordering enforcement as it cannot supply the terms of the agreement for the parties. Unless the essential terms of

---

[5] *In re Geneva Steel Co.*, 260 B.R. 517 (10th Cir. BAP 2001) and *In re Harrison*, 987 F.2d 677 (10th Cir. 1993).

[6] *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 218 (Wyo. 1994) as cited in *Fowler v Fowler*, 933 P.2d 502, 504 (Wyo. 1997).

[7] *Noland v. Haywood*, 23 P.2d 845, 846 (1933).

[8] *Fowler* at 504.

Page 4

such a future agreement are defined with reasonable certainty, there is no contract for the court to enforce."[9]

Amended Claim No. 9 - Personal Property - furniture and appliances

Claimant filed an amended claim in the amount of $1,100.00 for personal property consisting of: a living room arm chair, matching ottoman, matching sofa, end table (small), microwave, kitchenware (sm. appliances), and Ikea desk. The Debtor admitted during his testimony that the property belonged to the Claimant, but disagreed with the values attributed to the items. The Debtor testified that the furniture was "well worn and faded." The Claimant admitted that he had agreed the property would be sold with the house and the proceeds "invested into a new house."

The Claimant filed his claim based upon new values for the property. The Debtor objected to the claimed values and provided testimony that the furniture was not in new condition. As the Debtor raised an objection with probative force equal to the allegations of the claim, the burden of proving the validity and amount of the claim shifted to the Claimant.

Claimant admitted that he agreed to the sale of the property. The proceeds were not directed to be paid to him, but invested into a new home for the parties to live. Based upon his own statement, there was not an agreement that Claimant would receive the

---

[9] *Rialto Theater, Inc. v. Commonwealth Theaters, Inc.*, 714 P.2d 328 (Wyo. 1986) citing *Western Airlines, Inc. v. Lathrop Company, Alaska*, 499 P.2d 1013 (1972); *Coleman Engineering Company v. North American Aviation*, 65 Cal. 2d 396, 55 Cal. Rptr. 1, 420 P.2d 713 (1966); *Page & Wirtz Construction Co. v. Van Doran Bri-Tico Co.*, Tex.Civ.App., 432 S.W.2d 731 (1968); *Witt v. Realist, Inc.*, 18 Wis.2d 282, 118 N.W.2d 85 (1962) 1 Corbin on Contracts §95, P. 397 (1963); and 17 Am.Jur2d Contracts §26, p. 362 (1962.

Page 5

proceeds from the sale. Claimant did not prove the validity of the claim. Therefore, Amended Claim No. 9 is disallowed.

Amended Claim No. 10 - Hot tub

Claimant filed an amended claim in the amount of $12,037.00 which included the purchase of an outdoor hot tub/spa, the cost of delivery and installation. The Debtor objected to the claim and testified that he did not agree to the purchase of the hot tub, as at that time he could not afford one. It was his understanding that the hot tub was a gift.

Debtor testified that he was not billed for the purchase, delivery and installation of the hot tub and only saw an invoice upon Claimant filing this claim. Additionally, the Debtor testified that the trailer that was purchased to transport the hot tub was never titled in his name, nor is it his property; and he, personally, did most of the installation necessary to install the hot tub.

The court's review of the record reflects, that the Debtor listed a debt to Stephen Raiola for a "Hot tub" in the amount of $6,000.00 on his Schedule F. He further testified that he included this debt on his schedule, because he "thought it was appropriate" as the real property, where the hot tub is located, has been surrendered to the bank. It appears to be disingenuous, for the Debtor to list this debt on his Petition and Schedule F, and now argue that there is no debt. The Debtor amended his Schedule F several times, but did not delete Claimant's debt. The court finds that the amount of the debt up to $6,000.00 is undisputed.

The balance of the claim includes the cost of delivery and installation. The Debtor raised a valid objection equal to the allegations of the claim. Therefore, the burden shifted to the Claimant to prove the validity and amount of the claim. Claimant failed to provide evidence of a contract between the parties. Debtor testified that he did not authorize the purchase of the trailer for delivery, nor was the trailer titled to him. Both parties testified that the labor to install the hot tub was provided by both of them, although the extent of each's contribution is controverted. Claimant failed to carry his burden to prove the validity and amount of the balance of the proof of claim. Therefore, Amended Claim No. 10 is allowed in part, in the amount of $6,000.00 and disallowed in the amount of $6,037.00.

Amended Claim No. 11 - Landscaping and maintenance services

Claimant filed an amended claim in the amount of $17,700.00 for labor relating to landscaping and maintenance services that he provided to the Debtor during the period of May 2008 to August 2008 on two properties owed by the Debtor. Claimant testified that this claim was going to be part of a civil case that Claimant intended to file, prior to the Debtor filing for bankruptcy. Claimant alleges that the parties agreed that they were working on the property toward a common goal, their future. This claim request is for compensation for the Claimant's contributions. The Claimant testified that his services and the charges were to be applied to "credit joint expenses and equity credit." He explained that meant that the services that he performed were his contributions to the household expenses and toward building equity in the property.

The Debtor testified that there was not any understanding between himself and the Claimant for compensation for the services rendered or equity participation in the property. Debtor retained professional services for the landscaping, snow removal and lawn care. The services performed by the Claimant, included gardening, were for his own enjoyment. The Debtor testified he did not agree to pay for design services, was not invoiced or provided billing statements for these services until the Claimant filed his proof of claim. Additionally, the Debtor testified that there was not any agreement for an equity arrangement. The Debtor owned the homes, and in the end lost a significant amount of money. There was not any equity.

Amended Claim No. 12 - Pet Sitting

Claimant filed a claim in the amount $10,050.00 for services provided to the Debtor for pet sitting. Claimant testified that it was his responsibility to care for the parties' dogs while the Debtor was working out-of-town during the period of January 2008 through December 2008. Claimant charged $30.00 per day for 30 days per month for a total of $900.00 per month for the months of January through November and $150.00 for December.

The Debtor objected to the liability and amounts of the claim. He testified that in 2008, he worked out of town four to ten shifts (which correlated to four to ten days) per month, not every day of each month. He stated that he had taken the pets with him on numerous occasions or provided for their care at a kennel. The Debtor admitted that he

had paid Claimant in full for pet care on specific occasions, but there was not any agreement for "blanket compensation" for services in 2008.

<u>Amended Claim No. 13 - Property Management & Home Concierge Services</u>

Claimant filed an amended claim in the amount of $22,350.00 for property management and home concierge services. The services included snow removal, meal preparation, laundry and housekeeping duties. The Claimant did not attach any supporting documents to the amended claim. The Claimant testified that the claim is based upon the parties' mutual agreement to work towards a future. The claim was based upon pursuing compensation for his efforts during the parties' ten-year relationship.

The Debtor testified that he did not employ the Claimant for the services rendered. He had hired services for housekeeping and snow removal. There was not an agreement between the parties for compensation for the Claimant.

Claimant filed Amended Claim Nos. 11, 12, and 13 for landscaping and maintenance services, pet sitting, property management and home concierge services, respectively. The claimant testified that these services were to be part of a civil action that he intended to file prior to the Debtor filing for bankruptcy protection. Claimant admitted that he "had to create the documents" to file claims. He testified that his services were his contributions toward the household expenses and building equity in the property in furtherance of the parties' common goal of a future together.

In the Wyoming case, *Fowler v. Fowler*, the court found that the only evidence that an oral contract may have existed came from one party. In the case before this court,

the allegation that there was an oral contract between the parties is asserted by the Claimant. As in the *Fowler* case, neither the Claimant's testimony or any of the evidence defined the terms of the contract. His statements regarding the terms of the agreement were that the Debtor and Claimant were "working on the property toward a common goal, their future." Claimant's contributions were for "credit toward joint expenses and equity credit."

Based upon the evidence and testimony the court is not capable of enforcing a nebulous oral contract which terms may or may not have been agreed upon between the parties. The essential terms of any future agreement between the Claimant and Debtor were not defined with the reasonable certainty necessary to allow the court to find that there is a contract to enforce. Therefore, Amended Claim Nos. 11, 12 and 13 are disallowed.

Amended Claim No. 14 - Personal Property - (rocks)

Claimant filed an amended claim in the amount of $2,500.00 for personal property described as a rock and mineral collection. The Debtor further testified that a plant was included in the claim. Claimant testified that after he was removed from the Debtor's home, he did not have access to get this rock collection.

The Debtor testified that the collection consisted of eight to ten stones picked up on hiking trips and six to eight river rocks. The Debtor does not have possession of the rocks as they were left by the front porch of the Bronc Road home which was surrendered. The Debtor testified that he researched the value of the rocks with a park

ranger. The rocks were without any relative value and he could not afford to ship the rocks to Claimant in California. The rocks were left on the real property when he vacated the premises. Debtor testified that he took the plant to the composting facility as he could not ship it either.

The Debtor objected to the alleged value of the rocks by providing testimony of the type of rock and the value as determined by his discussion with Park personnel. As Debtor's objection and evidence was of a probative value equal to the Claimant's allegation, the burden of proving the value of the rocks shifted to the Debtor. Debtor failed to carry his burden as he did not present any evidence or testimony regarding the rock's values. Therefore the claim for the rocks is disallowed. The Debtor also failed to provide the court any value for the plant. Therefore the claim for the plant also fails.

The court considered a resolution for the return of the rocks to the Claimant during the hearing. Debtor's counsel stated he was willing to contact the bank to determine if the Claimant could have access to the real property to retrieve the rocks. Other than the voluntary efforts of Debtor's counsel to contact the bank and notify Claimant regarding the availability of the rock collection for Claimant to retrieve, Amended Claim No. 14 is disallowed.

Amended Claim No. 15 - Emergency relocation expenses following eviction

Claimant filed an amended proof of claim in the amount of $24,630.00 for "Emergency relocation expenses following illegal eviction by S. Wallace." The expenses included, but are not limited to: housing (including the cost of a hotel and rent); phone,

internet and cable service; fuel; groceries; personal items; health club membership; doctor fees and medication; birthday expenses; and, attorney fees. Claimant testified that he returned to California for a three-day weekend. During the time he was there, he was served documents and told that he could not return to Debtor's property.

The Debtor testified that in November 2008, he determined that he did not want the Claimant living with him any longer. The Debtor contacted the Teton County Sheriff's Department as he did not want any altercations at the home. He was advised and elected to get a criminal trespass order and have the Claimant served in California in December 2008. At that time, the Debtor was living at Bronco Road, Wilson, Wyoming. He was the sole owner of the property. The Claimant did not have a lease. The Debtor testified that he did not agree to pay the claimed expenses.

The court finds that based upon the testimony and evidence, Debtor used lawful eviction proceedings under Wyoming law. The Claimant did not present law or facts for the court to rely upon to support the validity of the claim. Therefore, Amended Claim No. 15 is disallowed.

**Conclusion**

In conclusion, the court finds Amended Claim Nos. 9, 11, 12, 13, 14 and 15 are disallowed. Amended Claim No. 10 is allowed in the amount of $6,000.00 and disallowed for the balance of the claim the amount of $6,037.00.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 16 day of July, 2012

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
George Arnold
Stephen Raiola